UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
GAIL MICHELMAN,                         )   No. C10-0271RSL
                                        )
              Plaintiff,                )
       v.                               )   ORDER GRANTING IN PART
                                        )   PLAINTIFF'S MOTION TO COMPEL
LINCOLN NATIONAL LIFE INSURANCE         )
COMPANY, *et al.*,                      )
                                        )
              Defendants.               )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery from Defendant Lincoln." Dkt. # 41. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

1. The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding each of the deficiencies plaintiff perceived in defendant's discovery responses.

There is no evidence that the parties had face-to-face discussions regarding defendant's "general objections." Without identifying any particular objections, plaintiff made a

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL

written request that defendant strike its "general objections" on the ground that they are "directly contrary to the rules and disapproved by the Ninth Circuit." Decl. of Dan Bridges (Dkt. # 42), Ex. 2 at 1. Following the meet and confer held on October 4, 2010, plaintiff's counsel acknowledged that the parties "did not argue the issue at length" and repeated his demand that the "general objections" be withdrawn. Id., Ex. 3 at 1. A good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. This did not happen. Even at this point in the discovery dispute, it is not clear what portion of defendant's discovery responses plaintiff believes are improper.[1] The motion to compel is therefore denied as to plaintiff's request that unspecified portions of defendant's responses be stricken.

2. Generally, a party is permitted to interview potential witnesses, including employees of the adverse party, in the absence of opposing counsel and without having to notify opposing counsel of the interview. If the witness is a speaking/managing agent of the adverse party, however, he or she is considered a "party" and must be contacted through counsel. Wright v. Group Health Hosp., 103 Wn.2d 192, 200-202 (1984).

Plaintiff interposed Interrogatory No. 4 in an effort to obtain the identity of and contact information for everyone involved in the claims handling process that led to this litigation. Anticipating that defendant might assert that certain employees were speaking agents, plaintiff specifically requested all information that would support such a contention. Defendant's response was inadequate: it simply provided the name and title of seven employees, identified defense counsel's address for six of them, and noted that the seventh employee was no longer employed by defendant.

---

[1] In its "General Response and Objection," defendant simply reserves the right to supplement its responses.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL            -2-

In its response to the motion to compel, defendant argues that certain employees are speaking agents for purposes other than this litigation and that its employees should not have to be contacted by plaintiff's counsel in the privacy of their homes.  Defendant should have supported its speaking agent contentions when responding to the discovery request and should have sought a protective order regarding the home contact information.  It did not do so.[2]  Nor has defendant explained why it was unable to provide any contact information – even the last known contact information – for Melissa Leppink.  Defendant shall supplement its response to Interrogatory No. 4 to provide a full and complete answer.[3]

3. Interrogatory No. 5 seeks the identity of the person or persons who "'owned' or had responsibility for the loss that is at issue" in this case.  Plaintiff does not explain what she means by "owned" or "responsibility for."  At the meet and confer on October 4, 2010, defendant pointed out that different people had different responsibilities in the claims handling process and sought clarification regarding plaintiff's intent.  Plaintiff refused to provide clarification and also declined to accept information regarding each employee's role, apparently because the information was not provided in writing.  Having thwarted the purpose of the meet and confer process, plaintiff may not now complain that defendant failed to answer a question that lacked clarity.

---

[2] Plaintiff's counsel should be sensitive to the fact that people are often hostile to being contacted at their homes, be it by solicitors, credit card companies, politicians, or lawyers seeking information.  Work contact information should be utilized first whenever feasible.

[3] For purposes of its supplemental response, defendant may assume that Interrogatory No. 4 seeks the identity of and contact information for all employees and third parties who participated in the investigation and/or handling of the claim for life insurance proceeds due and owing under the policy issued to plaintiff's daughter, Elizabeth Michelman.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL            -3-

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendant Lincoln shall supplement its response to Interrogatory No. 4 as stated in this Order.

Dated this 16th day of December, 2010.

Robert S. Lasnik
United States District Judge