1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8 _____
                                                    )
9  GAIL MICHELMAN,                                   )        No. C10-0271RSL
                                                    )
10                           Plaintiff,              )
                   v.                               )        ORDER GRANTING LINCOLN'S
11                                                   )        MOTION FOR SUMMARY
   LINCOLN NATIONAL LIFE INSURANCE                   )        JUDGMENT ON IRWIN
12 COMPANY, *et al.*,                                )        MICHELMAN'S COUNTERCLAIMS
                                                    )
13                           Defendants.             )
   _____         )
14

15          This matter comes before the Court on Lincoln National Life Insurance

16 Company's "Motion for Summary Judgment on Third Party Defendant's Claims."  Dkt. # 69.

17 Having reviewed the memoranda, declaration, and exhibits submitted by the parties,[1] the Court

18 finds as follows:

19                          **FACTUAL BACKGROUND**

20          On March 24, 1999, third party defendant Irwin Michelman submitted an

21 application for a life insurance policy covering his daughter, Elizabeth.  At the time, Elizabeth

22
   _____

23          [1]  Pursuant to Local Civil Rule 7(b)(4), a "party desiring oral argument shall so indicate by
24 typing ORAL ARGUMENT REQUESTED in the caption of its motion or responsive memorandum."
   Lincoln's request for oral argument, which was raised for the first time in reply, is untimely.  Because
25 the Court finds that this matter can be determined on the papers submitted, the request for oral argument
   is DENIED on both procedural and substantive grounds.
26

   ORDER GRANTING LINCOLN'S MOTION
   FOR SUMMARY JUDGMENT ON IRWIN
   MICHELMAN'S COUNTERCLAIM

was eleven years old, and Irwin was married to Elizabeth's mother, Gail Michelman.  Pursuant

to the application, both Irwin and Gail were designated as beneficiaries under the policy.  Irwin

identified Gail as the "Owner" of the policy and himself as "Contingent owner."  Although the

form provided space for only one "Owner" and there was no place to identify a "Primary

owner," the application noted that:

> If two or more Primary owners are named, complete special instructions and check
> applicable block:

> ☐ Joint owners with right of survivorship between them

> ☐ Common owners with no right of survivorship between them

Irwin  checked the "Joint owners" box, but did not provide special instructions.  The life

insurance policy took effect on April 6, 1999.  On or about May 28, 1999, Lincoln generated a

"Policy Summary" that identified Gail as the "Primary Owner" and Irwin as the "Contingent

Owner."  There is no indication that Irwin contested these designations.

Gail and Irwin divorced in 2001.  On February 14, 2002, Gail submitted a Change

of Beneficiary form to Lincoln pursuant to her authority as "Owner" of the contract.  The change

removed Irwin as a beneficiary and added the couple's other daughter, Jessica.  Irwin has

asserted a breach of contract claim and a declaratory judgment claim against Lincoln based on an

alleged failure to follow the policy terms regarding a change in beneficiary.

## DISCUSSION

The policy at issue in this litigation gives the power to change the designated

beneficiary to the "Owner."  The "Owner" is defined as the person identified as such in the

application.  Dkt. # 18-2 at 6.  Irwin does not dispute that Gail was designated in the application

as the "Owner" of the contract.  Instead, he asserts that he was also an "Owner" of the policy and

leaps to the conclusion that "if there were joint owners, the consent of both was required."

Opposition (Dkt. # 79) at 4.  No policy provision or legal authority is provided in support of this

ORDER GRANTING LINCOLN'S MOTION
FOR SUMMARY JUDGMENT ON IRWIN
MICHELMAN'S COUNTERCLAIM                     -2-

conclusory statement.  Nor did Irwin provide special instructions indicating that mutual consent was required in order to change the beneficiary.  Even if the Court assumes that both Gail and Irwin were "Owners," the form contract allows either of them to change the beneficiary as long as certain conditions precedent and procedures were met.  Absent a contract provision requiring the consent of multiple, joint, or contingent owners, the failure to obtain such consent is not a breach.

Irwin also argues that Lincoln breached the policy provision requiring that a request to change the beneficiary designation be made in writing.  Irwin inexplicably ignores the written "Change of Beneficiary" form submitted by Gail on February 14, 2002 (and attached to counsel's declaration as Ex. 3).

Finally, Irwin mentions that Lincoln failed to give him notice of the change in beneficiary.  He does not identify any policy provision requiring such notice or explain how delivery of the notice to his last known address constitutes a breach of contract.

## CONCLUSION

For all of the foregoing reasons, Lincoln's motion for summary judgment on Irwin's counterclaims is GRANTED.  The breach of contract and declaratory judgment claims asserted by Irwin Michelman against Lincoln National Life Insurance Company are hereby DISMISSED.

Dated this 10th day of February, 2011.

Robert S. Lasnik
United States District Judge

ORDER GRANTING LINCOLN'S MOTION
FOR SUMMARY JUDGMENT ON IRWIN
MICHELMAN'S COUNTERCLAIM            -3-