1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
GAIL MICHELMAN,                         )      No. C10-0271RSL
                                        )
                          Plaintiff,    )
                                        )      ORDER REGARDING ATTORNEY'S
              v.                        )      FEES, INTEREST, AND DISBURSAL
                                        )      OF FUNDS
LINCOLN NATIONAL LIFE INSURANCE         )
COMPANY, *et al.*,                      )
                                        )
                          Defendants.   )
_____ )

14

15

16

17

18

19

        This matter comes before the Court on "Lincoln National's Renewed Fee Petition"

(Dkt. # 114), plaintiff's "Cross-Motion to Compel Lincoln's Cure of Deficient Registry Tender"

(Dkt. # 118), and "Plaintiff's Motion to Disburse Funds and to Compel Deposit of Interest" (Dkt.

# 119).  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the

Court finds as follows:

20

21

22

23

24

25

26

## BACKGROUND

        Plaintiff Gail Michelman was the designated beneficiary of a Lincoln National life

insurance policy covering her daughter, Elizabeth.  When Elizabeth died, Gail's ex-husband,

third-party defendant Irwin Michelman, made a claim for the policy proceeds.  Lincoln National

notified Gail of the competing claim, admitted that Gail was the named beneficiary and that the

policy proceeds were due and payable, and gave the competing claimants thirty days in which to

work out their differences.  Gail made repeated efforts to obtain information regarding the nature

1  of Irwin's claim and to convince Lincoln National that she was the only proper claimant.

2  After three months of unproductive correspondence and the filing of a formal

3  complaint with the Washington Office of Insurance Commissioner, Gail filed this action in state

4  court alleging bad faith, violations of the Washington Consumer Protection Act ("CPA"), and

5  breach of an insurance contract.  Lincoln National removed the case to federal court, interpled

6  Irwin as a third-party defendant, and deposited $100,204.61 into the Court's registry.  The Court

7  refused to dismiss Lincoln National from the case, however:  plaintiff's bad faith and CPA

8  claims were independently actionable and had yet to be resolved.   Because Lincoln National had

9  properly initiated the interpleader action, the Court found that it could not be held liable under

10  any theory – including breach of contract – for its failure to pay the proceeds of the policy to

11  Gail as the designated beneficiary.

12  Discovery and dispositive motion practice followed.  While much of this effort

13  focused on the way in which Lincoln National handled the competing claims (and was therefore

14  relevant to plaintiff's bad faith and CPA claims), plaintiff stubbornly insisted on pursuing the

15  argument that the initiation of the interpleader action was improper.  The Court ultimately

16  determined that Irwin had no right to any of the insurance proceeds and that, although Lincoln

17  National had engaged in unfair or deceptive practices in handling Gail's claim, Gail was unable

18  to establish that any damages flowed from these practices.  The bad faith and CPA claims were

19  therefore dismissed, and Lincoln National now seeks an award of attorney's fees incurred in

20  litigating the interpleader action.

21  **DISCUSSION**

22  Lincoln National concedes that the amount paid into the Court's registry in May

23  2010 did not include statutory interest payable on the policy proceeds from the time of

24

25

26

ORDER REGARDING ATTORNEY'S FEES,
INTERESTS, AND DISBURSAL OF FUNDS          -2-

1    Elizabeth's death.  The parties agree that the amount owed is $6,694.83.[1]

2              Fed. R. Civ. P. 22 allows a party facing the potential of multiple liabilities to join

3    as adverse parties all persons holding claims and to require them to resolve their dispute in one

4    action.  Although Rule 22 does not authorize an award of attorney's fees or costs in an

5    interpleader action, "federal courts have continued the former equity practice of allowing fees to

6    interpleading plaintiffs."  Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp., 306

7    F.2d 188, 193 (9th Cir. 1962).

> [T]he availability of attorneys' fees for interpleader plaintiffs recognizes that by
> bringing the action, the plaintiff benefits all parties by promoting early litigation
> on the ownership of the fund, thus preventing dissipation.  Because the
> interpleader plaintiff is supposed to be disinterested in the ultimate disposition of
> the fund, attorneys' fee awards are properly limited to those fees that are incurred
> in filing the action and pursuing the plan's release from liability, *not* in litigating
> the merits of the adverse claimants' positions.  Compensable expenses include, for
> example, preparing the complaint, obtaining service of process on the claimants to
> the fund, and preparing an order discharging the plaintiff from liability and
> dismissing it from the action.

15   Trustees of Directors Guild of Am-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426-

16   27 (9th Cir. 2000) (internal quotation marks and citations omitted) (emphasis in original).

17   Whether to award fees and costs is within the discretion of the district court.  San Rafael

18   Compania Naviera, S.A. v. Am. Smelting & Refining Co., 327 F.2d 581, 587 (9th Cir. 1964).

19              There are a number of arguments one could make against awarding fees to an

20   interpleading plaintiff, especially in the first-party insurance context.  Any award of attorney's

21   fees is unusual in the American system absent a statutory basis.  Even more unusual is an award

22   of fees in favor of an insurer and against its insured.  In the first-party insurance context – unlike

23   the freight disputes giving rise to the decisions in Schirmer Stevedoring and other seminal cases

---

[1] Although plaintiff argues that she has not conceded that this number is correct (Dkt. # 118 at 2), she offers no contrary evidence, argument, or calculations.  The $6,694.83 figure is, therefore, adopted by the Court and established for purposes of this litigation.

ORDER REGARDING ATTORNEY'S FEES,
INTERESTS, AND DISBURSAL OF FUNDS          -3-

1    in this area – the stake is generally not diminished when competing claims are asserted against

2    the policy proceeds, thereby reducing the "benefit" of the interpleader action.[2]  In fact, the

3    primary, if not the only, beneficiary of an interpleader action in the first-party context is the

4    insurance company.  Rather than having to investigate and adjust the competing claims, the

5    insurer simply turns the matter over to the courts to decide what would otherwise be a common

6    and ordinary insurance question:  who, in fact, is the policy beneficiary.  Even better from the

7    insurance company's perspective, the initiation of an interpleader action gives the insurer

8    protection against potential liabilities.  The rightful beneficiary, on the other hand, now faces the

9    expense of litigation and a delay in the payment of the policy benefits.

10          Given that an interpleader action in the first-party context overtly furthers the

11   insurer's interests at the expense of its insured (as Gail explained in her communications with

12   Lincoln National),[3] the courts' willingness to award attorney's fees to insurers as a matter of

13   equity is, quite frankly, baffling.  This Court is not writing on a clean slate, however.  Although

14   equity is the touchstone of the analysis, the Ninth Circuit views interpleading as a boon to the

---

[2]  Also contrary to other situations in which interpleaders are common, the rightful beneficiary is often no more culpable for creating the dispute than the insurer.  Assuming culpability is the justification for an award of attorney's fees in this context, the fact that a misinformed, greedy, or vindictive relation asserts a competing claim to life insurance proceeds may support an award of fees against the unsuccessful claimant, but it does not support a finding that either the insurer or the rightful beneficiary should single-handedly bear the costs associated with the contest.

[3]  In a letter dated November 23, 2009, Gail argued that forcing her to litigate an interpleader action when there was no actual proof to support Irwin's claims effectively shifted the insurer's claims-handling burden to her:

> Your last letter admits Lincoln intends on ignoring the plain language of its policy so it can avoid being sued by my ex-husband.  Lincoln has acknowledged me as the sole recorded beneficiary and yet it refuses to pay the policy benefits.  My ex-husband is not a beneficiary, he was removed from the policy years ago as provided by the policy itself.  It would be wrong if my ex-husband sued Lincoln.  But it is more wrong for the insurance carrier to put its interest in not being sued over its obligation to pay as promised under the policy.

ORDER REGARDING ATTORNEY'S FEES,
INTERESTS, AND DISBURSAL OF FUNDS          -4-

1  claimants and has stated that "the proper rule" is to award attorney's fees.  Schirmer

2  Stevedoring, 306 F.2d at 194.  The Court will, therefore, award fees, but has scrutinized Lincoln

3  National's petition to ensure that plaintiff pays only those expenses that are reasonably related to

4  the interpleader.[4]  In addition, plaintiff will not be required to reimburse Lincoln National for

5  fees expended in its battle with Irwin:  Lincoln National had the opportunity to seek fees from

6  that source and chose not to.

### CONCLUSION

8         For all of the forgoing reasons, plaintiff's motion to compel the deposit of interest

9  is GRANTED and defendant's motion for an award of fees is GRANTED in part.  Lincoln

10  National owes $6,694.83 in statutory interest and is entitled to an award of $6,759.35 in

11  attorney's fees.  **IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse to

12  Lincoln National Life Insurance Company, through its counsel Medora Marisseau, $64.52 from

13  the Court's Registry.  **IT IS FURTHER ORDERED** that the remaining funds in the Court's

14  Registry shall be paid to Gail Michelman, c/o Trust Account of MCBD Law, PLLC, through her

15  attorney Dan'L Bridges.

17         Dated this 11th day of April, 2011.

18                                     *MMr S Lasnik*

19                                     Robert S. Lasnik
                                      United States District Judge

---

23         [4] Because Gail initiated this action, some of the normal expenses related to interpleader did not
fall on Lincoln National.  In addition, the fees and costs associated with (a) removal of this litigation
24  from state court and (b) the defense of plaintiff's bad faith and CPA claims are not recoverable.  Having
reviewed the various motions for summary judgment filed by the parties, the Court finds that
25  approximately 5% of the insurer's argument therein were linked to the interpleader issues.  Plaintiff will,
however, be required to reimburse Lincoln National for expenses related to her repeated efforts to
26  pursue her argument that interpleader was improper.

ORDER REGARDING ATTORNEY'S FEES,
INTEREST, AND DISBURSAL OF FUNDS         -5-